## Maksymchuk v. Maksymchuk

*L. E. Enterline* and *F. H. Kehler*, for libellant.
*J. J. Gallagher*, for respondent.

HOUCK, J., January 6, 1936.—The action was instituted on February 26, 1934, and personal service was had on respondent. No answer to the libel was filed. On May 14, 1934, a master was appointed. Hearing was fixed for August 7, 1934, but continued. Thereafter, on October 9, 1935, the master fixed October 22, 1935, for hearing. In the meantime, on September 9, 1935, the respondent in this action instituted an action for divorce against his wife charging her with adultery. He also obtained a writ of habeas corpus directed to her to obtain custody of his minor children. On October 21, 1935, the respondent took a rule on his wife to show cause why her libel in divorce should not be dismissed for want of prosecution and also to show cause, if the court refuse to dismiss the proceeding, why the petitioner should not be permitted to file an answer to the wife's libel nunc pro tunc.

No reason appears and no authority has been cited which would warrant dismissal of the wife's libel in divorce. However, the husband petitioner should, we believe, be permitted to file an answer nunc pro tunc. It is

true that no reason is given to excuse his failure to file an answer and, relying on Smith v. Smith, 20 Schuyl. L. R. 198, libellant argues that we are without power to permit the filing of an answer. When the Smith case was decided, the applicable rule of court provided that an answer could be filed within 30 days after the return day "or afterwards with leave of court, upon cause shown for the delay". This rule has since been superseded and the case is now governed by rule no. 113, which provides: "The respondent, within thirty days after the return day, or afterward by leave of court, may demur to or answer the libel." This rule says nothing about cause being shown for the delay. Ordinarily, the respondent should be permitted to file an answer upon request and there is no doubt that the court may, in its discretion, permit it to be done: See Gaval v. Gaval, 34 Schuyl. L. R. 414.

It is quite clear to us that the respondent should be permitted to file an answer nunc pro tunc. As appears from the petition on which the rule issued, he has instituted an action in divorce against his wife. While it is not part of the record, the writer of this opinion presided at the habeas corpus hearing. At that time, persuasive evidence was introduced indicating the wife's adultery. No effort was made to controvert it. At the conclusion of relator's evidence, the libellant in this case did not produce any evidence but agreed to an order awarding the custody of her children to her husband. The circumstances surrounding the case are such that in the interests of justice there should be a full disclosure of all the facts and this can best be accomplished by permitting the respondent to file an answer nunc pro tunc.

And now, January 6, 1936, the rule to show cause why the libel in divorce should not be dismissed is discharged but Nicholas Maksymchuk, the respondent, is permitted to file an answer nunc pro tunc within 15 days of this date.                    From G. Harold Watkins, Frackville.